### Joseph LOMBARDI, Plaintiff-counter-defendant,

and

Annette Kahaly; John Mulea; Maureen Van Meter; Carolyn Forbes; Tara Murray; Sean Murray; Keith Harper; Jana Harper; Tracy Twyman; Eben Paguirigan, individually and on behalf of all others similarly situated; Louis M. Wilson; Karen Brice, Plaintiffs–counter–defendants–Appellees,

v.

### DIRECTV, INC., Defendant–counter-claimant–Appellant.

No. 11–56752.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2013.

Filed Dec. 2, 2013.

Blake Muir Harper, Hulett Harper Stewart LLP, San Diego, CA, Jahan C.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Sagafi, Outten & Golden LLP, Jonathan D. Selbin, Lieff Cabraser Heimann & Bernstein, LLP, New York, NY, Ingrid M. Evans, The Evans Law Firm, Kristen Law Sagafi, Lieff Cabraser Heimann & Bernstein LLP, San Francisco, CA, for Plaintiff–counter–defendant–Appellee.

Robyn Eileen Bladow, Melissa Dawn Ingalls, Shaun Paisley, Kirkland & Ellis LLP, Los Angeles, CA, for Defendant–counter–claimant–Appellant.

Before: GOODWIN, FISHER and CLIFTON, Circuit Judges.

## MEMORANDUM *

DirecTV appeals the district court's order denying its motion to compel arbitration of the plaintiffs' claims for injunctive relief under California's Unfair Competition Law (UCL) and Consumer Legal Remedies Act (CLRA). We have jurisdiction under 9 U.S.C. § 16(a)(1)(B), and we reverse.

This court recently held that the Federal Arbitration Act (FAA) preempts California's *Broughton–Cruz* rule, on which the district court based its denial. *See Ferguson v. Corinthian Colls., Inc.*, 733 F.3d 928, 930–31 (9th Cir.2013). The plaintiffs' arguments for affirming the district court on alternative grounds fail. The "effective vindication" exception to the FAA does not extend to state statutes, including the UCL and the CLRA. *See id.* at 936. That customers have to arbitrate their claims for injunctive relief against DirecTV whereas DirecTV is unlikely to seek injunctive relief from its customers does not make the arbitration agreement unconscionable. *Cf. Sonic–Calabasas A, Inc. v. Moreno,* 57 Cal.4th 1109, 163 Cal.Rptr.3d 269, 285, 303–04, 311 P.3d 184 (2013).

**REVERSED AND REMANDED.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.